IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| WILLIAM LEWIS HOUSTON, )<br>)<br>Petitioner, )<br>)<br>)<br>)<br>ROBERT WALLER, Warden, )<br>)<br>Respondent. ) | NO. 1:05-00013<br>JUDGE HAYNES |

## MEMORANDUM

Before the Court is the Respondent's motion for a stay of the Court's judgment pending appeal, (Docket Entry No. 55) and the Petitioner's motion for enlargement or his release under Fed. R. App. P. 23(c). (Docket Entry No. 57). After review of the state court record and an evidentiary hearing, the Court granted the writ ordering Petitioner's release from state custody if he were not retried within 120 days. (Docket Entry Nos. 49 and 50, Memorandum and Order).

In his motion for a stay, Respondent argues: (1) that his appeal presents substantial questions of constitutional law because neither the state agency nor state prosecutor were aware that the State's lead case agent for Petitioner's trial was using cocaine and stealing cocaine from the State laboratory, including cocaine involved in the Petitioner's trial; (2) that Petitioner's claim under Brady v. Maryland, 373 U.S. 83 (1963) based upon the agent's conduct is procedurally defaulted; (3) Petitioner has a lengthy unexpired sentence; and (4) the Petitioner has a criminal history as a "major drug dealer." (Docket Entry No. 55).

In opposition, Petitioner presented proof that he is eligible for release is on July 25, 2008 and that the Warden of Petitioner's institution has written extensively of Petitioner's rehabilitation. Petitioner contends that the Respondent has not overcome the legal presumption

that Petitioner is entitled to be released. Petitioner also argues that the State lacks an enforceable interest in an unconstitutional conviction.

Rule 23(c) of the Federal Rules of Appellate Procedure creates a presumption that a habeas petitioner who prevails in the district court shall be released pending the State's appeal. Specifically, Rule 23(c) states:

> **Release Pending Review of Decision Ordering Release**. While a decision ordering that the release of a prisoner is under review, the prisoner must - unless the court of judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court order otherwise - be released on personal recognizance, with or without surety.

Fed.R.App.P. 23(c). See Hilton v. Braunskill, 481 U.S. 770, 774 (1987) ("Rule 23(c) undoubtedly creates a presumption of release from custody" pending appeal.

In Braunskill, the Supreme Court listed several factors on the stay issue: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies." 481 U.S. at 777. The State can overcome the presumption in favor of release, if these various factors do not "tip the balance against it." Id. As to the five enumerated factors the Court stated:

> The balance may depend to a large extent upon determination of the State's prospects of success in its appeal. Where the State established that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible of the second and fourth factors in the traditional stay analysis militate against release. <u>Where the State's showing on the merits falls below this level, the preference for release should control.</u>

481 U.S. at 778 (emphasis added and citations omitted).

2

Another consideration is the state's interest in "continuing custody and rehabilitation pending a final determination of the case on appeal, a risk of flight absent a stay, and whether the prisoner's release absent a stay will pose a danger to the public." Avery v. Prelesnik, 2008 WL 108885, at *2 (W.D. Mich. Jan. 7, 2008) (citing Braunskill, 481 U.S. at 447.

As to the first factor of the Respondent's showing of the likelihood to succeed on appeal, Brady was clearly applicable. Here, the agent who oversaw the investigation of Petitioner and testified at Petitioner's trial's, was responsible for submitting the cocaine obtained in the controlled buys for laboratory analysis and weighing the cocaine for Petitioner's trial. This agent took some of the cocaine in Petitioner's trial from the laboratory and used that cocaine. This agent's use and theft of cocaine involved in Petitioner's trial was material impeachment information that the agent suppressed to Petitioner's prejudice. Here, the State's lead case agent's drug use and theft of drugs were never revealed to Houston's trial counsel.

The Respondent's argument is that neither the state agency nor the state prosecutor was aware of their lead case agent's drug use and drug thefts and thus, Brady does apply. The Supreme Court expressly rejected this argument in Kyles v. Whitely, 514 U.S. 419, 438 (1995). The Brady requirement of disclosure extends to information "known only to police investigators and not to the prosecutor." Strickler v. Greene, 527 U.S. 263, 290 (1999).

Respondent cites without analysis, United States v. Jones, 399 U.S. 640 (6th Cir. 1999) for the proposition that police misconduct arising after a trial is not a Brady violation. Yet, Jones, involved a federal prosecution and misconduct of local police. The Sixth Circuit's ruling was the "the [exculpatory] evidence did not exist at the time of trial, it was not Brady material." Id. at 647. Here, the officer involved in the misconduct was the State's lead case agent for

3

Petitioner's trial and his cocaine use and theft occurred prior to and during Petitioner's investigation and trial. Jones, is factually inapposite.

As to procedural default, a Brady violation can excuse a procedural default, if the exculpatory evidence is material. Strickler, 527 U.S. at 282. Under Banks v. Dretke, 540 U.S. 668 (2004), the State's affirmative representation there was not any exculpatory evidence constitutes cause for any procedural default. Here, the State's case agent use of cocaine and theft of cocaine involved in the trial is clearly material evidence. Petitioner presented his Brady claim to the Tennessee courts in a post-conviction proceeding that Court limited its consideration to Howell's actual conduct and Howell's indictment occurred after Petitioner's trial. Houston v. State, M2003-00304-CCA-R-PC, 2004 WL 1372849 at *5 (Tenn.Crim.App. June 16, 2004). The evidence of Howell's cocaine abuse prior to and at Petitioner's trial use was not known to Houston until discovery in this action. This procedural default contention is without merit.

As to any irreparable injury if Petitioner were released, the Respondent contends with hiss lengthy sentence, Petitioner is a risk of flight. If Petitioner is released, the Court can impose conditions on his release to address any flight risk. Jago v. U.S. District Court, 570 F.2d 618, 622 (6th cir. 1978) ("One of the inherent powers of the judiciary with regard to proceedings before it has been the admission of a prisoner to bail.").

As to the interests at issue here, to be sure, the State has "a strong interest in enforcing its criminal judgments and in defending the integrity of its judicial system." House v. Bell, 2008 WL 972709, at *2 (6th Cir. Apr. 7, 2008). Yet, the State lacks "a defensible interest in the continued incarceration of someone whose conviction was obtained in violation of [her] constitutional right." Poindexter v. Booker, 2007 WL 2780556, at *3 (E.D. Mich. Sept. 20,

4

2007). See also House, 2008 WL 972709, at *3. Respondent's asserted interest to incarcerate Petitioner based upon the State's violation of Petitioner's fundamental constitutional right does not warrant a stay.

In contrast, to grant a stay, in all likelihood, "will cause substantial and irreparable injury to Petitioner who will suffer each day [s]he remain[s] imprisoned pursuant to a conviction rendered in violation of the United States Constitution." Poindexter, 2007 WL 2780556, at *3. To be confined during an appeal on an unconstitutional conviction, " would be an unconscionably extended period of time for Petitioner to be incarcerated pursuant to a conviction which this Court has held was rendered in violation of Petitioner's constitutional right." Id.

As to issues of danger to the community if Petitioner were released, the Respondent cites Petitioner's eight offenses and the trial court's reference to as a "major drug dealer."[1] (Docket Entry No. 55 at p. 5). This observation no doubt impacted the trial court's lengthy sentence. Yet, even with that lengthy sentence, under State law, the State initially determined that Petitioner is eligible for release on September 11, 2008. (Docket Entry No. 57, Exhibit B, April 8, 2008, Offender Sentence Letter). More recently, the State deemed Petitioner is eligible for release on July 25, 2008.(Docket Entry No. 63, Attachment No. 1).

Moreover, a letter from the Warden and Housing Unit Supervisor at the Tennessee Department of Corrections ("TDOC") DeBerry Special Needs Facility reflects that Houston:

---

[1] Petitioner notes that he trial court's comments were based on the testimony of the agent who used and stole cocaine, as well as the agent's "recreation" of inaudible wire taps. (Compare Docket Entry No. 27, Addendum 3, Trial Transcript at p. 189 (testifying that the transaction occurred outside Houston's house and there was no transmission from the wire) with Trial Transcript at p. 621 (the agent testifying that the entire transaction was "observed" through "audio surveillance").

5

- "has neither been involved in inappropriate activities nor been a trouble maker....

- has been performed all his work in an excellent and timely manner.....;

- has volunteered much of his time during incarceration to better not only himself, but others....; and

- has been the example of a model inmate who has worked hard to improve himself and contribute positively to the operation of this facility. His actions while incarcerated are above those of the average offender. He has given much of his time to improve the lives of other inmates and to contribute what he can to society even while incarcerated."

(Docket Entry No. 57, Exhibit A, May 1, 2008, Warden's Letter. The State's Warden wrote "[Mr. Houston] has made it known that he would like to continue mentoring children and furthering his own education . . . I truly believe that Mr. Houston . . . looks forward to turning around the life of some child from the place he has been." Id. at p. 2. Houston was an active member for three years of the "Choices of Life" program that arranged dialogues between inmates and young adults so they would understand the consequences of choices they make. Id. at p. 1. These facts are inconsistent with Respondent's contention that if Petitioner were released, there is a serious prospect of danger to the community.

For the above stated reasons, the Respondent's motion to stay (Docket Entry No. 37) should be denied.

As to Petitioner's motion for enlargement on release, the Court granted a conditional writ of habeas corpus to give the State 120 days to retry the Petitioner, given the State's other proof of Petitioner's guilt. The conditional grant affords the State the opportunity to cure the unconstitutional violation, United States v. Coleman, 458 F.3d 453, 457 (6th Cir. 2006), but a conditional writ is not grounds for immediate release.

conditional grants create nothing more than a springing interest. That is to say, conditional grants of the writ of habeas corpus remain merely latent until the court's established conditions are met, at which time the writ springs into effect, generally as a self-executing result of the district court's initial order but sometimes through the issuance of a new order. See Gentry v. Deuth, 456 F.3d 687 (6th Cir. 2006); Satterlee v. Wolfenbarger, 453 F.3d 362 (6th Cir. 2006).

Id.

If the Respondent does not grant Petitioner's trial within 120 days from the Court's Order (Docket Entry No. 51)These facts are inconsistent with Respondent's contention that if Petitioner were released, there is a serious prospect of danger to the community.      , Petitioner can renew his motion for release but as of now, the motion should be denied, but without prejudice to the State's decision on whether to release Petitioner on July 25, 2008.

An appropriate Order is flied herewith.

**ENTERED** this the _22nd_ day of July, 2008.

WILLIAM J. HAYNES, JR.
United States District Judge

7